**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

ALBERT J. DAVIS, :
: Plaintiff, :
:
v. : Case No. 4:26-cv-813-CDL-AGH
:
PATEL, *et al.*, :
:
Defendants. :
:

# ORDER

Before the Court is Plaintiff's complaint pursuant to 42 U.S.C. § 1981 (ECF No. 1) and Plaintiff's motion to proceed *in forma pauperis* ("IFP") (ECF No. 2). For the reasons stated below, Plaintiff's motion to proceed IFP is granted. However, Plaintiff must recast his complaint.

## I. Motion to Proceed *In Forma Pauperis*

Under 28 U.S.C. § 1915, a court may authorize a person who is unable to pay court fees to proceed in his action so long as that person is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (explaining that 28 U.S.C § 1915(a)(1) "applies to all persons requesting leave to proceed IFP."). Plaintiff has established that he is indigent for the purpose of 28 U.S.C § 1915. Therefore, his motion for leave to proceed IFP (ECF No. 2) is **GRANTED**.

## II. Preliminary Review Requirement

Once a court grants a plaintiff's motion for leave to proceed IFP, the Court

must conduct a preliminary screening under 28 U.S.C. § 1915(e)(2). That statute requires the court to "dismiss the case at any time if the court determines that . . . the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is frivolous when the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Additionally, "[a] case is frivolous if the factual allegations are 'clearly baseless,' or if it is based on an 'indisputably meritless' legal theory." *Johnson v. Wilbur*, 375 F. App'x 960, 963 (11th Cir. 2010) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)).

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quotation marks omitted). Nevertheless, while "[c]ourts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a

legal education[,]" the Court is not permitted "to serve as *de facto* counsel for a party" by "rewrit[ing] an otherwise deficient pleading in order to sustain an action[.]" *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662.

**III. Plaintiff's Complaint**

Plaintiff's claim stems from his traffic collision with Defendant Arpankumar Patel that occurred on July 13, 2025. Compl. Attach. 21, ECF No. 1-1. As a result of the accident, Plaintiff was charged with "Failure to Yield at Yield Sign," pursuant to O.C.G.A. § 40-6-72(c), and "Suspended/Canceled/Revoked Vehicle Registration," pursuant to O.C.G.A. § 40-6-15. *Id.* at 5. Plaintiff eventually pled guilty to the first charge, and the second was dismissed. *Id.* at 5, 7. Plaintiff was sentenced to twelve months of Supervised Probation and a $153 fine in the State Court of Muscogee County on December 3, 2025. *Id.* at 7-11.

Plaintiff now asserts that he was not at fault and asks the Court to find that Defendant Patel caused the collision. Compl. 4, ECF No. 1. Plaintiff alleges that he "can prove that [he] did not cause the car accident." Compl. Attach. 29. He requests that the Court review dash camera footage from his "2016 Hundai Velostea That Progressive [has] And will not Release for some reason." *Id.* His request for relief includes $50,000 from Defendant Patel, $100,000 from Progressive Claims, and "A Car" from Car-Mart. Compl. 4.

## VI. Plaintiff Must Recast His Complaint

Plaintiff's complaint in its current form fails to meet any of the pleading requirements set forth above. It does not include a "short and plain statement" of his claim or provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft*, 556 U.S. at 678. As best as the Court can tell, Plaintiff is requesting that the Court obtain the collision video footage from Progressive, review it, and find that he was not at fault for the accident. Compl. 4; Compl. Attach. 3, 29. Before the Court can provide any remedy, Plaintiff must state at least one claim for relief that survives preliminary review, and, should he have a viable claim, it must then survive the litigation process. Although Plaintiff lists Patel, Progressive Claims, Progressive Insurance, and American Car-Mart as defendants, his grounds for relief are wholly unclear. Compl. 2. Thus, his Complaint as drafted would be subject to dismissal.

Plaintiff attached documents to his Complaint that appear to be related to the accident, including carbon copies of his terms of supervised probation and a trial notice issued by the State Court of Muscogee County. Compl. Attach. 7-13. If Plaintiff's criminal case remains pending in a state court, any claim related to that case would implicate the doctrine set forth in *Younger v. Harris*. 401 U.S. 37, 53-54 (1971) (explaining that federal courts must refrain from intervening with pending state criminal proceedings when the party requesting federal intervention has an adequate remedy at law and will not suffer irreparable injury). The Court would be required to dismiss claims barred by the *Younger* doctrine. *See Gibson v. Berryhill*,

411 U.S. 564, 575-77 (1973) (holding that claims for injunctive and declaratory relief are properly dismissed when *Younger* applies).

Because Plaintiff is proceeding *pro se*, the Court will give him one opportunity to recast his pleading to address the deficiencies discussed herein. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) ("When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it."). Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to file a recast complaint to address the noted shortcomings. Plaintiff's recast complaint shall take the place of all allegations made in the original complaint, and the Court will consider only the factual allegations and claims contained in Plaintiff's recast complaint. The Court will not consider those facts contained in Plaintiff's original complaint or other documents submitted to the Court. Accordingly, any fact Plaintiff deems necessary to prosecute his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing.

In recasting his complaint, Plaintiff is instructed to comply with Federal Rule of Civil Procedure Rule 8(a)(1), which limits Plaintiff's complaint to "a short and plain statement of the claim[.]" Failure to comply may result in forfeiture of these claims. Plaintiff should state his claims as simply as possible. He need not use legal terminology or cite any specific statute or case law to state a claim. It is recommended that Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do to violate your rights or protections? In other words: What was the extent of this defendant's authority or role in the alleged conduct? Did his actions otherwise cause the violative action? How do you know?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's actions or decisions?

(4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5) *What* did this defendant do (or not do) in response to this knowledge?

(6) *What* relief do you seek from these claims?

Plaintiff is advised that, if he fails to timely comply with this Order, the Court may dismiss his action without prejudice pursuant to Federal Rules of Civil Procedure Rule 41(b) for failure to prosecute and failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *see also Betty K. Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (explaining that a court may *sua sponte* dismiss an action pursuant to Federal Rules of Civil Procedure Rule 41(b)); *Smith v. Bruster*, 424 F. App'x 912, 914 (11th Cir. 2011) ("[T]he district court may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order.").

In summary, Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to submit a recast complaint. Plaintiff is also advised that he must immediately notify the Clerk of Court of any address change.

**SO ORDERED**, this 24th day of September, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE